UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **RAYMOND LLOYD**<br>**5951 Camelback Lane**<br>**Columbia, MD 21045**<br><br>    *Plaintiff,*<br><br>v.<br><br>**BALTIMORE CITY, MARYLAND:**<br>**BALTIMORE POLICE DEPARTMENT**<br>**242 W 29th St.**<br>**Baltimore, MD 21211**<br><br>    *Defendant.*<br><br>**Serve:**<br><br>**The Baltimore City Law Department**<br>**Office of Legal Affairs**<br>**C/O City Hall, Room 250**<br>**100 N. Holliday St.**<br>**Baltimore MD, 21202**<br><br>**Baltimore Police Department Headquarters**<br>**601 E. Fayette St.**<br>**Baltimore, MD 21202** | Case No.: 1:23-cv-1987<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR EQUITABLE RELIEF AND COMPENSATORY DAMAGES**

COMES NOW, Raymond Lloyd, Plaintiff, (hereinafter "Plaintiff") by and through undersigned counsel, and complains against Defendant, Baltimore Police Department, (hereinafter "Defendant" or "BPD") and in support thereof states as follows:

**INTRODUCTION**

1. This is an action authorized and instituted pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 *et seq.*, as amended, for the Defendant's unlawful

1

violations of Plaintiff's rights, including but not limited to his unjustified involuntary transfer, resulting in a change to his scheduled working hours, loss of clothing allowance, and inability to work overtime.

## JURISDICTION AND VENUE

2. This Honorable Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically the Family and Medical Leave Act of 1993, to redress and enjoin employment practices of the Defendant.

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

4. Venue is appropriate because a substantial part of the actions complained of are the result of actions and employment practices of Defendant, which operates in Baltimore, Maryland.

5. Additionally, venue is proper in the District of Maryland Court pursuant to 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District, Defendants transact substantial business in this District, and Defendants maintain employment records related to this action in the District of Maryland.

## EXHAUSTION OF REMEDIES

6. Plaintiff is not required by law to exhaust administrative remedies pursuant to the FMLA.

7. However, Plaintiff filed a complaint with the Wage and Hour Division ("WHD") of the U.S. Department of Labor ("DOL") on December 15, 2022. On December 19, 2022 he was contacted by a representative of the WHD to schedule an intake interview, which occurred on January 3, 2023.

8. On January 4, 2023, Investigator Sydney Morrow-Lea provided Plaintiff with a copy of his formal complaint statement for review, and began investigating his claims.

9. On April 6, 2023, Plaintiff was contacted by Investigator Morrow-Lea, who informed him that WHD had found BPD to be in violation of Plaintiff's FMLA rights. However, because Plaintiff no longer was actively working for Defendant by that date and WHD could therefore not directly provide remedies for Defendant's violation, WHD advised Plaintiff to pursue his private right of action for enforcement.

10. Accordingly, Plaintiff timely files this action to enforce the violation of his FMLA rights that was found by the U.S. Department of Labor, Wage and Hour Division on or around April 6, 2023.

## NATURE OF THE ACTION

11. Plaintiff brings this action to secure protection of rights granted under the statutes mentioned above, to redress deprivation of rights thereunder, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendant's violation of those statutes.

12. Plaintiff's damages are significant, including, but not limited to, the loss of reputation, loss of wages due to unlawful and unjustified transfer, loss of career advantage, emotional tranquility, and denial of his constitutional and statutory rights.

13. The action seeks declaratory and injunctive relief, as well as compensatory and punitive damages, both to secure future protection and to redress the past deprivation of rights guaranteed to named Plaintiff.

## PARTIES

14. Plaintiff, former Sergeant Raymond Lloyd, is an African American male who resides in Howard County.

15. The Baltimore Police Department ("Defendant" or "BPD") is the 8th largest municipal police force in the United States, staffed by nearly 3,100 civilian and sworn personnel. The Department's jurisdiction covers Maryland's largest city, with a population of approximately 611,648 people.

16. Sgt. Lloyd worked at the Baltimore Police Department ("BPD") during the relevant period.

17. During the relevant period, Defendant employed Plaintiff, Sgt. Lloyd.

18. During the relevant period, Plaintiff was Defendant's employee within the meaning, and entitled to the protections of the FMLA.

## FACTUAL ALLEGATIONS

19. Plaintiff, Raymond Lloyd, was a Sergeant with the Baltimore Police Department (BPD) until January 1, 2023, and served as an Officer for 20 years.

20. On July 5, 2022, Plaintiff entered in a sick day for July 6, 2022 in Workday. The morning of July 6, 2022, Sgt. Lloyd was contacted by his first-line supervisor Lt. Forrest via text, who indicated that his request was denied and that he should report to work. In a phone call to follow up on this denial of a sick day request, Lt. Forrest did not state his reasoning and simply told Sgt. Lloyd he should send a text message prior to putting in his sick leave requests. Lt. Forrest began to force the issue, putting Sgt. Lloyd in the position of having to explain his PTSD and medical history to justify his leave.

21. Upon speaking with a Fraternal Order of Police (FOP) representative to understand his rights, Sgt. Lloyd resubmitted the original sick leave request in Workday and it was subsequently approved by Lt. Forrest. However, Lt. Forrest continued to communicate with Sgt. Lloyd via text regarding work related matters through the day.

22. Due to the mental strain of dealing with opposition during the first sick day, Sgt. Lloyd put in a second sick day request for July 7, 2022. Sgt. Lloyd returned to work on July 8, 2022.

23. Sgt. Lloyd was medically suspended on July 26, 2022. A few days after submitting his paperwork for FMLA leave on or about July 14, 2022, Sgt. Lloyd was sent to the Public Safety Infirmary (PSI) by Lt. Forrest for a fitness of duty evaluation, and was then told he would need to see the Department's therapist on August 11, 2022. The therapist indicated to Sgt. Lloyd that this was not part of standard procedure, as he would typically not see an Officer until close to the end of the leave period to evaluate his fitness to return to work.

24. On August 3, 2022, Sgt. Lloyd's request for continuous leave under the BPD Family and Medical Leave policy was approved during the period of August 1–September 30, 2022 due to Sgt. Lloyd's diagnosed PTSD. Pursuant to BPD policy number 1726, during FMLA leave Sgt. Lloyd's position was to be held open for him, and only forfeited if he failed to return by the end of the approved period.

25. However, prior to the conclusion of Sgt. Lloyd's approved leave, on August 10, 2022 he received a notice that he was being transferred from his position in the PIB/Ethics Division to the Northern District, without explanation, with a subsequent Human Resources Order dated August 17, 2022 stating that his transfer would be effective the following day. BPD Policy 1726 states: "At the end of FMLA leave, the member will be restored to the same position held prior to leave or a position with equivalent pay, status, benefits and other employment terms, subject to certain exceptions. The Department may, in its discretion, elect not to return certain 'key' members if, for example, doing so would cause grievous and economic harm to the Department. Similarly, the Department may deny reemployment if there has been an intervening layoff that would have included the member's position."

26. Sgt. Lloyd was not informed of any circumstances under which his return to his position after less than a month of FMLA leave would cause harm to the Department, and he was not consulted regarding this involuntary transfer. Despite his desire to return to his position in the PIB/Ethics Division, his transfer was carried out and he began working at his reassigned post in the Northern District. During his time at his previous post, Sgt. Lloyd observed other White, male Officers taking FMLA leave and returning to their positions without being subjected to involuntary transfer.

27. Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from "discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right." By involuntarily transferring Sgt. Lloyd while he was still on medical leave, BPD violated Sgt. Lloyd's rights under the FMLA and FLSA.

28. As a result, Plaintiff's scheduled working hours were changed, he no longer received a clothing allowance, and he was not entitled to overtime work due to his medical suspension.

29. Due to this violation of FMLA leave and BPD policy, Sgt. Lloyd was forced into early retirement without the full benefits he would have been entitled to with a later retirement date. He has suffered financial as well as emotional and mental harm due to BPD's illegal conduct.

30. Prior to the incidents at issue in this case, Sgt. Lloyd had previously engaged in protected activity in 2020 and 2021 by filing EEO complaints within the Department based on race discrimination, hostile work environment, and retaliation, which involved or were reported to Lt. Forrest as Sgt. Lloyd's supervisor.

31. Plaintiff has been the target of FMLA discrimination, retaliation, and violations of his statutory rights. The aforementioned misconduct was so egregious and pervasive that it has affected the Plaintiff's mental, emotional, and physical wellbeing in irreparable ways.

32. Plaintiff is now forced to file suit due to the Defendant's inability to remedy its unlawful conduct, which has cost Plaintiff significant financial strain as well as emotional distress. Due to the discriminatory and unlawful treatment Plaintiff has undergone, he has experienced lasting harm that is ongoing to this day.

33. The Defendant's discriminatory and unlawful practices have been effectuated in violation of the FMLA.

## COUNT I

## FAMILY AND MEDICAL LEAVE ACT ("FMLA") INTERFERENCE

34. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

35. "To establish unlawful interference with an entitlement to FMLA benefits, an employee must prove that: (1) he was an eligible employee; (2) his employer was covered by the statute; (3) he was entitled to leave under the FMLA; (4) he gave his employer adequate notice of his intention to take leave; and (5) the employer denied his FMLA benefits to which he was entitled." *Sherif v. University of Maryland Medical Center*, 127 F.Supp.3d 470, 477 (D. Md. 2015).

36. Plaintiff was an eligible employee within the Department to receive FMLA benefits.

37. The Defendant is an employer that is covered by the FMLA statute.

38. Plaintiff was entitled to leave under FMLA due to his PTSD.

39. Plaintiff provided the Defendant adequate notice and information regarding his intention to utilize his FMLA benefits.

40. The Defendant unlawfully and capriciously denied Plaintiff's requests to which he was legally entitled with the intention to debase, harass, and belittle Plaintiff. After Plaintiff's leave request was finally approved, he was involuntarily transferred while on leave in violation of both the FMLA and BPD policy.

41. Plaintiff has suffered irreparable harm and injury as a result of this unlawful misconduct.

## COUNT II

## FAMILY AND MEDICAL LEAVE ACT ("FMLA") RETALIATION

42. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

43. Retaliation claims under FMLA and Title VII are analyzed under the same burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973). *Yashenko v. Harrah's NC Casino, Co.*, LLC, 446 F.3d 541, 550-51 (4th Cir. 2006); *Howerton v. Board of Educ. of Prince George's Cty.*, No. TDC-14-0242, 2015 U.S. Dist. LEXIS 109787, 2015 WL 4994536, at *17 (D. Md. Aug. 19, 2015).

44. Under this framework, Plaintiff must first establish a *prima facie* case of retaliation. To establish a *prima facie* claim of retaliation, a plaintiff must show that "(1) []he engaged in protected activity; (2) the employer acted adversely against [him]; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)).

45. Plaintiff engaged in protected activity by having previously been the complainant in internal EEO actions regarding racial discrimination, harassment, hostile work environment, and retaliation, as well as by seeking FMLA leave based on his disability.

46. The Defendant responded to these activities by unlawfully and arbitrarily denying Plaintiff's leave of absence request under FMLA for which he was entitled, and after eventually approving his leave, by then involuntarily transferring Plaintiff while on leave in violation of the FMLA and BPD policy.

47. There is a direct, causal connection between Plaintiff's protected activity and the retaliatory misconduct of the Defendant, including involuntarily transferring Plaintiff while on FMLA leave.

48. Plaintiff has suffered irreparable harm and injury as a result of this unlawful misconduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Sgt. Raymond Lloyd, respectfully prays that this Court grant him the following relief:

a. Enter a declaratory judgement finding that the foregoing actions of Defendant violated the FMLA;

b. Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c. Award back pay and compensatory damages in the amount of $500,000 (five hundred thousand dollars and zero cents) that would fully compensate Plaintiff for the economic loss, loss of promotional potential, reputation, lost wages, lost job benefits; physical and

psychological injury, humiliation, embarrassment; and mental and emotional distress caused by the conduct of the Defendant alleged herein;

d. Award Plaintiff reasonable attorneys' fees and costs incurred in this action; and

e. Order such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

Dated: July 24, 2023

Respectfully submitted,

By: /s/ Dionna Maria Lewis
Dionna Maria Lewis, Esq.
Bar No. 19486
District Legal Group, PLLC
700 Pennsylvania Ave SE, Suite 2098
Washington, D.C. 20003
Tel. (202) 486-3478
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff Raymond Lloyd*