**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**RAYMOND LLOYD**, *

*Plaintiff*, *

v. * **Civil Case No. 1:23-cv-01987-JMC**

**BALTIMORE POLICE DEPARTMENT** *

*Defendant*. *

* * * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raymond Lloyd ("Plaintiff") initiated the present suit against the Baltimore Police Department ("BPD" or "Defendant") on July 24, 2023. (ECF No. 1). Plaintiff alleges (1) a violation of Family and Medical Leave Act of 1993 ("FMLA"), as codified, 29 U.S.C. § 2601 *et seq*. ("FMLA"); and (2) a violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") based on retaliation. In a Memorandum Opinion and Order dated July 9, 2026, the Court granted summary judgment in favor of Defendants. Presently pending before the Court is Plaintiff's motion for reconsideration. (ECF No. 84). The Motion is fully briefed (ECF Nos. 84, 85, 90) and no hearing is necessary pursuant to Local Rule 105.6 (D. Md. 2025). For the reasons that follow, Plaintiff's Motion will be DENIED.

## I. BACKGROUND

In a thirty-one-page Memorandum Opinion and Order, the Court expended much effort summarizing the facts. After expending that effort, the factual background can be distilled as follows: Plaintiff suffers from PTSD, for which he sought treatment and FMLA leave in the late summer and fall of 2022. As Plaintiff's symptoms worsened, the Baltimore Police Department ("BPD") reassigned Plaintiff to a different administrative unit. Prior to his reassignment, he applied

for and received FMLA leave approval, and he took medical leave. From that, Plaintiff brought a suit alleging FMLA interference and Retaliation.

The record was particularly complicated because Plaintiff's opposition brief did not contain a statement of facts. Rather, Plaintiff appended as an exhibit a purported statement of facts with admissions and various denials, that largely amounts to unsupported narrative and legal argument, with some exceptions which cite other portions of the record. Of significant challenge for the Court was the argumentative nature of the purported statement of facts. For example, in response to BPD's statement of fact that Plaintiff was blamed for the backlog, Plaintiff's Counsel drafted a lengthy denial untethered to previous discovery in the case that argues a white male colleague received beneficial, disproportionate treatment when compared to Plaintiff, who is an African American male. (ECF No. 81-1 at 3). The Court addressed the issue as follows:

> As will become a pattern, Plaintiff's basis for a "denial" is somewhat confusing, as Plaintiff does seem to agree that Plaintiff received some sort of blame and a nonpunitive counseling letter in light of the ultimate argument that such a response was unfair when compared to his white colleague. *See id*. Plaintiff does not dispute that the nonpunitive counseling letter was issued. *Id.* For the sake of clarity, Plaintiff's claims here are grounded only in the FMLA and alleged violation of Title VII for retaliation for taking FMLA leave. (ECF No. 7). As such, the Court is mindful of not confusing the issues and will therefore consider Plaintiff's statements related to race or other arguments that sound in Title VII co-comparator liability insofar as the Court strives to understand what is at issue for this case. To any extent that Plaintiff disputes whether the issuance of a non-punitive counseling memorandum was proper, such matters are not at issue in resolving the arguments about whether Plaintiff's FMLA leave and BPD's response to it was proper under the law.

(ECF No. 83 at 4 n.2). The Court engaged in significant discussion to discern what Plaintiff actually disputed, what of the purported statement of facts was legal argument, and what of the opposition's arguments cited those assertions or other parts of the record. Plaintiff now argues that the Court has violated Rule 59(e) by (1) recognizing Counsel's briefing strategy—though still considering it—as a potential side-step of the Local Rules, which limits briefing to 30 pages; and

(2) by disregarding Plaintiff's post-*deposition* declaration as a "sham affidavit" because Defendant also relied on declarations produced after the discovery period closed. Plaintiff's arguments on the merits were previously raised, considered, and rejected.

## II. STANDARD OF REVIEW

Federal Rules of Civil Procedure 52(b) and 59(e) provide the procedural mechanism for a court to alter or amend a prior judgment. Fed. R. Civ. P. 52(b) and 59(e). As recently reiterated by the Fourth Circuit in *Chavez-Deremer v. Medical Staffing of America*, LLC, Rule 52(b) is meant to "correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." 147 F.4th 371, 414 (4th Cir. 2025) (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). Similarly, there are three recognized circumstances in which the district court can grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993).

## III. DISCUSSION

Plaintiff argues that Rule 59(e)'s "extraordinary remedy which should be used sparingly" "exists precisely for circumstances such as this one, where the Court's disposition of the case turned on threshold procedural determinations that, on reconsideration, do not withstand scrutiny once the full record — including Defendant's own post-discovery filings — is considered." (ECF No. 84 at 2-3). Plaintiff argues that because the statement of facts is styled as an exhibit, Plaintiff did not sidestep the Local Rules; however, the Court's recognition that this approach appeared to

sidestep the Local Rules in the manner presented did not result in the striking of the purported exhibit despite Defendant's request that the Court would do so. Plaintiff's citation to the Washington D.C. local rules does not persuade the Court to import those local rules into Maryland. Here, the Court is not persuaded to reconsider its mere recognition that Plaintiff's approach to briefing, in the manner in which it was presented, appeared to sidestep the Maryland local rules. That notwithstanding, the Court did not disregard the statement of facts. (ECF No. 83 at 16) ("[T]he Court has expended the resources necessary to cross reference each statement to determine what the record shows, what is actually disputed, and what, as it turns out, is not disputed contrary to Counsel's assertions."). Moreover, even if Plaintiff included the apparent statements of legal argument in a statement of facts according to the Local Rules of this Court, the Court would not consider such statements as undisputed facts. Thus, the Court can find no error amounting to manifest injustice.

Turning to Plaintiff's "sham affidavit" arguments, it is true that the Court took issue with the Plaintiff's Declaration timing—however, the Court did not take issue as Plaintiff characterizes it. Plaintiff argues that the Court improperly disregarded the Declaration because it was executed the day before Plaintiff filed his opposition brief, and as such, Defendant's own post-discovery affidavits were unfairly considered. Although Defendant argues the discovery devices at issue here properly gave notice of the declarations, the Court is more concerned with whether there was any legal defect in the Court's sham affidavit analysis. Indeed, Plaintiff overlooks the critical defect in the declaration he provided, which the Court explained in detail at the summary judgment stage: The post-*deposition* declaration flatly contradicted portions of Plaintiff's deposition. Plaintiff now argues that several of Defendant's declarations were provided post-discovery, but there was never any concern that those declarations flatly contradicted depositions. The Court does not find

Plaintiff's previously unraised concerns about the timeliness of Defendant's declarations relevant to the issue of a post-deposition declaration that includes unresolved, flat contradictions to certain deposition concessions. Plaintiff has not been faulted, as he argues, for "responding…to averments the defendant raises for the first time in declarations filed with its own motion." Plaintiff's Declaration did not resolve the flat contradictions of his deposition testimony; nor did Plaintiff ever make clear that the Declaration served such a purpose prior to the instant motion. *See Pac. Ins. Co.*, 148 F.3d at 396. (noting that litigants may not use Rule 59(e) motions to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Next, Plaintiff turns to the merits and argues that that the involuntary transfer did constitute FMLA interference because Plaintiff stated in an interrogatory that he had physical limitations that made his work in the Northern District difficult. However, the Court's primary concern at the summary judgment stage was the lack of information provided in discovery about a purported change in physical labor. The Court repeatedly stated that any changes were unspecified and conclusory. Review of the interrogatory response to which Plaintiff cites confirms that the extent of this allegation remains unspecified and vague. The Court does not find Plaintiff's characterization of the summary judgment logic to be true to the Opinion, nor does the Court that it satisfies the rigors of Rule 59.

Next, Plaintiff asks the Court to reconsider its prejudice prong reasoning because Plaintiff "disagrees with this characterization." (ECF No. 84 at 8). The Court understands Plaintiff may disagree—but "mere disagreement does not support a Rule 59(e) motion." *Hutchinson,* 994 F.2d at 1082. The reasons for Plaintiff's disagreement have either already been considered and rejected, or were omitted from Plaintiff's opposition. On this issue, Plaintiff re-raises arguments, both in

his Motion and Reply, already considered and rejected concerning Plaintiff's workplace performance and whether he was properly penalized by BPD. Finally, Plaintiff argues his disagreement with the Court's characterization of the adverse employment action prong of his Retaliation claim. Again, the Court has already considered and rejected these arguments. As stated above, the Court finds no error resulting in any issue beyond mere disagreement. The Court therefore cannot conclude that the Summary Judgment Opinion and Order rises to the level of manifest injustice, and the motion will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, it is this 1st day of October 2026, hereby **ORDERED** that Plaintiff's Motion for Reconsideration is DENIED.

Dated: October 1, 2026

/s/
J. Mark Coulson
United States Magistrate Judge